<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| W.N., | : | **Civil Action No. 24-11441 (SRC)** |
| | : | |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| Defendant. | : | |
| | : | |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on the appeal by Plaintiff W.N. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for supplemental security income benefits, alleging disability beginning June 19, 2021. A hearing was held before ALJ Joshua Menard (the "ALJ") on February 27, 2024, and the ALJ issued an unfavorable decision on April 17, 2024. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of April 17, 2024, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform the full range of work at all exertional levels, with certain nonexertional limitations. At step four, the ALJ also found that Plaintiff was unable to perform any past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

Plaintiff makes one principal argument on appeal: at step four, the residual functional capacity ("RFC") determination is not supported by substantial evidence because the ALJ failed to properly evaluate the opinion of Dr. Stanley. Plaintiff contends that the ALJ erred in evaluating Dr. Stanley's opinion in two ways: 1) the ALJ failed to provide any supportability analysis; and 2) the consistency analysis mischaracterizes the evidence of record.

At step four, the ALJ discussed the opinion of Dr. Stanley in the following paragraph:

> The undersigned evaluated the January 2024 opinion from treating source Lorna Stanley, M.D. Dr. Stanley identified marked or extreme limitations in social interaction; concentration, persistence, and pace; and adaptation (Exhibit 9F). This opinion is less persuasive. In particular, there is nothing in the record to support such extreme limitations. For example, her presentation at her consultative exam was largely normal, with no evidence of psychosis and she was well oriented to time, place, and person (Exhibit 3F). Additional exams documented normal and well groomed appearance; normal attitude, and behavior; and pleasant and cooperative presentation (Exhibit 6F/6).

(Tr. 25.)    The applicable Regulation, 20 C.F.R. § 404.1520c (also at 20 C.F.R. § 416.920c), states: "we will explain how we considered the supportability and consistency factors for a

2

medical source's medical opinions or prior administrative medical findings in your determination or decision." 20 C.F.R. § 404.1520c(b)(2).  The Regulation defines supportability and consistency as follows:

> (1)  Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2)  Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c).

Plaintiff is correct that the ALJ's discussion of Dr. Stanley's opinion did not expressly address the evidence and supporting explanations offered by Dr. Stanley in support of her opinion.  Instead, the ALJ's discussion expressly addresses consistency, the extent to which other medical evidence is consistent with Dr. Stanley's opinion.

> In opposition, the Commissioner cites the Third Circuit's decision in Zaborowski:
>
> Second, Zaborowski objects that the administrative judge did not articulate how supportable and consistent the various doctors' opinions were. Not so.  **To satisfy this requirement, a judge need not reiterate the magic words "support" and "consistent" for each doctor. And the administrative judge did weave supportability and consistency throughout her analysis of which doctors were persuasive.** AR 31-33. As she explained, the first psychologist based her opinion on her review of the record, and it fit with the other evidence of Zaborowski's condition and treatability. Another psychologist based his opinion on his examination of Zaborowski, and the administrative judge found it "persuasive because it is consistent with the record." AR 32. By contrast, the opinion of Zaborowski's treating psychiatrist was "not consistent with the record that shows that the claimant has social avoidance issues, but he is able to cope within his limits." *Id.* at 33. Last, Zaborowski's other psychologist did not address "any specific functional work-related limitations or restrictions." *Id.* at 32. There was no need to say more than that.

3

Zaborowski v. Comm'r of Soc. Sec., 115 F.4th 637, 639-40 (3d Cir. 2024) (emphasis added). The emphasized text within this case quote speaks directly to Plaintiff's argument here.  It makes clear that Third Circuit law does not require that the words "support" and "consistency" appear in the discussion of every opinion of every doctor.  Instead, the Third Circuit held that the requirement was met by "weave[ing] supportability and consistency throughout her analysis of which doctors were persuasive."  Id. at 639.  Plaintiff does not argue that the ALJ's decision fails to meet this standard, and, indeed, it is apparent that the ALJ wove supportability and consistency throughout his analysis of which doctors were persuasive.

Plaintiff argues as well that, in the discussion of the consistency of Dr. Stanley's opinion, the ALJ "mischaracterizes the record." (Pl.'s Br. at 19.)   In support, Plaintiff points to two sentences in the discussion about Dr. Stanley.  First, Plaintiff points to this statement from the ALJ: "In particular, there is nothing in the record to support such extreme limitations." (Tr. 25.) Crucially, Plaintiff does not point to any evidence of record that, in Plaintiff's view, *does* support such extreme limitations.  For example, Plaintiff does not point to any other medical source that found nonexertional limitations at the extreme level.  Plaintiff has not offered any evidence to support the argument that this first sentence mischaracterizes the record.

Second, Plaintiff points to this statement from the ALJ: "For example, her presentation at her consultative exam was largely normal, with no evidence of psychosis and she was well oriented to time, place, and person (Exhibit 3F)." (Tr. 25.)  Plaintiff contends that it is a mischaracterization to say that Plaintiff's presentation at the consultative exam with Dr. Williamson on April 20, 2023 was "largely normal."  The Court has reviewed Dr. Williamson's consultation report and recognizes that there is room for debate about the accuracy of the phrase,

4

"largely normal," as a characterization of Plaintiff's presentation at the April 20, 2023 consultative examination.  The broad use of the word "normal" in a mental health context, together with the inexact nature of "largely," could provide much grist for a lengthy debate among lawyers.  Here, however, the sentence itself explains what the ALJ had in mind: "with no evidence of psychosis and she was well oriented to time, place, and person."  Plaintiff does not contend that these specific descriptions are incorrect, and the Court finds that, in the context of the structure of this sentence, this provides sufficient support for the ALJ's characterization of Plaintiff's presentation as "largely normal."   The Court is not persuaded by Plaintiff that either of the two cited statements are unsupported by substantial evidence.

Furthermore, even if the Court were persuaded that the ALJ erred in discussing the opinion of Dr. Stanley – and it has not been so persuaded – , Plaintiff has failed to demonstrate that any error was harmful and prejudiced her.  The Supreme Court explained the operation of the harmless error doctrine in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination.  The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."  Id.  In such a case, "the claimant has the 'burden' of showing that an error was harmful."  Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful.  Plaintiff's opening brief does not address the question of whether the ALJ's alleged errors prejudiced her.  Even if the ALJ did err at step four in evaluating the persuasiveness of Dr. Stanley's opinion, pursuant to 20 C.F.R. § 404.1520c, the ALJ cited numerous pieces of evidence in support of the RFC determination.  Thus, even if

Plaintiff had succeeded in persuading this Court that the ALJ erred in evaluating the persuasiveness of Dr. Stanley's opinion, the Court still would have no basis to conclude that the RFC determination is not supported by substantial evidence.  The ALJ carefully explained his finding that the RFC determination was supported by, *inter alia*, the opinions of the two agency reviewing physicians, and that constitutes substantial evidence in this case.

Plaintiff has failed to persuade this Court that the ALJ erred in the decision, or that she was harmed by any errors.  Plaintiff has not shown that the ALJ made any material and prejudicial error and has made no demonstration of prejudice as required by Shinseki.  This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

    s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: March 26, 2026

6